11-20152.rr

## UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 11-20152-CIV-ALTONAGA-BROWN

GUSTAVO ABELLA,

    Plaintiff,

vs.

TOWN OF MIAMI LAKES COUNSEL WOMAN NANCY SIMON, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

This cause is before this Court on the complaint filed by pro se Plaintiff Gustavo Abella, whose motion to proceed in without prepayment of fees and costs pursuant to 28 U.S.C. §1915 has been granted by this Court.

### Facts and Discussion

Section 1915(e)(2) of 28 United States Code, which concerns proceedings in forma pauperis, provides as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
>     *   *   *
> (B) the action or appeal –
>
>     (i) is frivolous or malicious;
>     (ii) fails to state a claim on which relief may be granted; or
>     (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. §1915(e)(2).

In analyzing whether Plaintiff's complaint states a claim, the complaint must be construed in the light most favorable to the plaintiff and its allegations of material fact must be taken as true. Watts v. Florida Int'l Univ., 495 F.3d 1289, 1295-96 (11th Cir. 2007). However, a plaintiff must provide "more than labels and conclusions," and the complaint must contain factual allegations which are "enough to raise a right to relief above the speculative level, ... on the assumption that all the allegations in the complaint are true." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007). As such, a complaint is facially plausible when the plaintiff has pleaded sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

Although Plaintiff is proceeding pro se, he is still "subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).

Plaintiff's complaint alleges various actions allegedly taken by a Councilwoman and a police officer for the Town of Miami Lakes. Plaintiff alleges that the Complaint is filed under "Title 18, U.S.C., Section 241 Conspiracy Against Rights." That is a criminal statute, however, as to which there is no private right of action. See, e.g., Cok v. Constentino, 876 F.2d 1 (1st Cir. 1989).

The Court additionally notes that Plaintiff's Complaint fails to comply with Fed.R.Civ.P. 10(b), which requires that "a party must state its claims ... in separately numbered paragraphs, each limited as far as practicable to a single set of circumstances," and that "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence ... must be stated in a separate count..." Additionally, the Complaint fails to state in what capacity defendant Rodriguez is being sued.

Although a pro se plaintiff's complaint should be liberally construed when resolving a motion to dismiss, this Court has no obligation to rewrite the Complaint for the plaintiff. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

## Recommendation

Accordingly, this Court respectfully recommends that the complaint be **DISMISSED** without prejudice pursuant to 28 U.S.C. §1915(e)(2).

The parties have ten (10) days from the date of this Report and Recommendation within which to serve and file written objections, if any, with the Honorable Cecilia M. Altonaga, United States District Judge for the Southern District of Florida. Failure to file objections timely shall bar the parties from attacking on appeal the factual findings contained herein. LoConte v. Dugger, 847 F.2d 745 (11th Cir. 1988), cert. denied, 488 U.S. 958 (1988).

**DONE AND ORDERED** in Chambers at Miami, Florida, this 31st day of January, 2011.

STEPHEN T. BROWN
CHIEF UNITED STATES MAGISTRATE JUDGE

cc:   Honorable Cecilia M. Altonaga
      Counsel of record