UNITED STATES DISTRICT COURT FOR THE

SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

Case No.: 11-20152-CIV-ALTONAGA-BROWN

GUSTAVO ABELLA,

    Plaintiff,

vs.

OFFICER JUAN RODRIGUEZ, et al.,

    Defendants.

_____/

## PLAINTIFF'S MOTION FOR SANCTIONS AGAINST DEFENDANTS' COUNSEL, DENNIS A. KERBEL, FOR LACK OF PROFESSIONALISM, THREATENING BEHAVIOR AND MISCONDUCT DURING DEPOSITIONS AND MEDIATION.

COMES NOW Plaintiff, GUSTAVO ABELLA, and hereby move this Court for entry of an Order of Sanctions against Defendants's Counsel, Dennis A. Kerbel, for lack of professionalism, threatening behavior and misconduct during depositions and mediation, and in support thereof, state as follows:

1. Impose sanctions for violating Plaintiff's right to a fair trial and obstructing the court proceedings.

1

2. Defendants' Counsel, Dennis Kerbel was furnished with a copy of the video showing what took place at Plaintiff's home when Defendant Officer Baez trespassed Plaintiff's property. Mr. Kerbel having the knowledge of what Defendant Baez's did still allowed his client to give a false testimony under Oath at his disposition.

3. When Defendants' Counsel, Mr. Kerbel, was deposing his client Defendant Officer Richard Baez, he asked the Court Reporter for off the record moment, so the Court Reporter stopped and Mr. Kerbel turned to Plaintiff, Gustavo Abella, who was present at Defendant Officer Baez's deposition and started to ask him questions (It was not Plaintiff's deposition and he was sworn to testify on or off the record at this deposition). Plaintiff was questioned about if the surveillance camera had any audio, etc. Plaintiff stated to Mr. Kerbel that he was not under Oath and that this was his client's deposition. Mr. Kerbel got very aggressive and threatening and had Plaintiff answering that question among some others and then he continue asking his clients questions pertaining Plaintiff's answers.

4. Mr. Kerbel allowed his clients to give false sworn testimony under oath in his deposition. Plaintiff furnished Mr. Kerbel with all the evidence showing their unlawful actions.

5. On June 10th was the first day that Plaintiff was deposed, Defendants' and Plaintiff's Counsels had the opportunity to ask questions. A week later, June 17th, Plaintiff was deposed for the 2nd time, but it was different; Mr. Kerbel finished his questioning very late and told Plaintiff's Counsel, Greg Samms, that he could ask questions to his client first on June 19th, day that was already scheduled to have Defendant Major Bocanegra's

deposition. Mr. Kerbel told Plaintiff's Counsel, Mr. Samms, that he would have the opportunituy to ask his client questions. Later on, the place of the deposition scheduled for June 19th was changed to a different location to accommodate Defendant Bocanegra, and was set to take place at Defendant Bocanegra's place of work, Public Defendant Office.

6. On June 19th, 2014, as Plaintiff and his Counsel, Mr. Samms, waited at the Public Defender Office, Mr. Samms received a phone call where he was told to go back to the Miami Dade County's Attorney's Office because Mr. Kerbel had changed the location. By the time Plaintiff and his Counsel arrived there the deposition started with Defendant Bocanegra. Plaintiff's deposition was never completed. Plaintiff was not given the opportunity to point out all the lies that the Defendants have said under oath in their depositions. June 20th was already scheduled for Mediation and Plaintiff's deposition was incomplete.

7. Throughout the time Plaintiff was at the Defendant's Counsel's Office; Mr. Kerbel stated to him repeatedly that he should better settle. He constantly repeated the same thing in a threaten and aggressive manner. Mr. Kerbel stated to Plaintiff that he would have Plaintiff in court for 2 more years and he should better settle. Mr. Kerbel also mentioned to Plaintiff several times "I will get you on that stand, so you better settled today."

8. Plaintiff felt uncomfortable with the attitude and behavior that Defendants' Counsel, Mr. Kerbel, displayed at the time of the depositions and mediation. Not only he stated that he

3

will keep Plaintiff in court for 2 more years or that he will get Plaintiff on the stand but also stated and threaten Plaintiff that he will call the Department of Children and Families because everything that Plaintiff and his family have gone through was his fault and if he had to call his daughter to the stand he will drag her through all this.

9. Defendants' Counsel, Mr. Kerbel, had knowledge and enough proof of his clients' actions when he was emailed with proof that his clients, after having this case in court, they continued to harass, intimidate and stalk Plaintiff and his family. He had knowledge of their abuse of power and no actions were taken in order to prevent the harassment.

10. Defendants' Counsel, Mr. Kerbel did wrong with his attitude, behavior and threats. For him, being an Officer of the Courts, he has done as bad as the Miami Dade Police Officers. Mr. Kerbel, acted in bad faith, was very unprofessional, obstructed justice and Plaintiff's right to a fair trial.

11. Defendants' Counsel, Dennis A. Kerbel, acted in bad faith misleading statements of material fact of Plaintiff's case.

**WHEREFORE,** Plaintiff, GUSTAVO ABELLA, hereby requests this Honorable Court to enter an Order for Sanctions against Defendants' Counsel, Dennis A. Kerbel, for lack of professionalism, threatening behavior and misconduct during depositions and mediation of the above mentioned case

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 19th day of August, to: Bridgette Nicole Thornton, Esq., bthornton@coralgables.com; Dennis A. Kerbel., Esq., dkerbel@miamidade.gov; Assistant County Attorneys, 111 NW 1st Street, Suite 2810, Miami FL 33128.

*(signature)*

GUSTAVO ABELLA

7400 Miami Lakes Dr., D-I08
Miami Lakes, FL 33014
Ph: 305-305-6622
Email: keepingmlml@yahoo.com